UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AZHAR ALI KHAN, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 03-1574 (RCL) |
| PARSONS GLOBAL SERVICES, LTD., *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER & JUDGMENT

In accord with the Memorandum Opinion issued this date, the Court finds that the defendants did not waive their right to compel arbitration of the dispute between the parties. In addition, the Court finds that the choice of law provision designating California law was not intended to supersede the already-established tenets governing enforceability of an international commercial arbitration agreement set forth in the FAA and NY Convention, and that the parties intended for federal law to govern any issues of enforceability of the arbitration agreement at issue. Applying federal law, the Court finds that the arbitration agreement is not "null and void" by virtue of being unconscionable because unconscionability is not a defense that can be "applied neutrally on an international scale." *Ledee*, 684 F.2d at 187. Therefore, the Court finds that the arbitration clause is valid, and that the Court must refer the parties to arbitration. Under the doctrine of estoppel, all of the parties and claims in this matter are subject to and encompassed by the arbitration agreement, with the exception of Mrs. Khan's intentional infliction of emotional distress claim. This claim, however, is DISMISSED WITH PREJUDICE for failing to

state a claim upon which relief could be granted.  Accordingly, the Court GRANTS defendants' motion [31] to compel arbitration, and DENIES plaintiffs' motion [37] for an oral hearing to determine whether arbitration should be compelled.  Therefore, the claims before this Court are DISMISSED WITH PREJUDICE, as they must be submitted to arbitration.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, March 30, 2007.